15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Marilyn Laura V. BOCK Plaintiff-Appellant,
v.
George W. BOCK, Jr., Supreme Court for the State of Alaska,
Defendants-Appellees.
 No. 92-35574.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1993.*
Decided Dec. 20, 1993.
 
 Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this action, appellant attempts to set aside an Alaska state court order that enforces a Kentucky decree granting custody of her children to their father, the appellee. The Alaska order was issued pursuant to 28 U.S.C. Sec. 1738A (1988) ("Parental Kidnapping Prevention Act of 1980"), which requires state courts to grant full faith and credit to other state custody decrees. Arguing that Sec. 1738A violates the Due Process Clause of both the Fifth and Fourteenth Amendments, appellant moved for a preliminary injunction against enforcement of the Alaska court order. The district court denied the motion.
 
 
 3
 In assessing whether to grant a preliminary injunction, the district court must assess two principal factors: (1) the movant's likelihood of success on the merits, and (2) the relative balance of potential hardships to the movant, the non-movant, and the public. See Alaska v. Native Village of Venetie, 856 F.2d 1384, 1389 (9th Cir.1988). "The district court's denial of a preliminary injunction is subject to a particularly narrow scope of review...." FTC v. Simeon Management Corp., 532 F.2d 708 711 (9th Cir.1976). If the court applied the correct legal standard to factual findings that are not clearly erroneous, we will not upset the court's decision "unless denial of the injunction was so unjustified as to constitute an abuse of discretion." Id.
 
 
 4
 On the balance of hardships, the district court saw "no evidence whatsoever suggesting that it would be harmful or in any fashion inappropriate for Mr. Bock to have custody of his daughters." E.R. at 167. Accordingly, it found that the children would not "be adversely affected in any material respect by a change of custody...." Id. On appeal, appellant does not challenge this finding, and nothing in the record suggests that we should disturb it as clearly erroneous.
 
 
 5
 On appellant's likelihood of success, the district court ruled that appellant's chances of victory on the merits were insubstantial. Appellant raised five arguments in her complaint alleging violations of due process. The first argument claimed that Sec. 1738A(d) violated the Due Process Clause of the Fourteenth Amendment by giving jurisdiction to Kentucky, even though appellant and her daughters lived in Alaska. The next three arguments claimed violations of the Due Process Clause of the Fifth Amendment on the grounds of impermissible restriction on her right to access the courts (by allowing Kentucky to retain jurisdiction); irrationality of the statute (by adopting a jurisdictional rule that conflicts with the statute's goal of furthering the best interests of the child); and impermissible vagueness in the statute (by not defining "residence"). The fifth argument asserted violation of due process because the Alaska court allegedly misapplied Sec. 1738A and failed to notify appellant before granting full faith and credit to the Kentucky court's decree.
 
 
 6
 On the first claim, the district court reasoned that it was neither unfair nor unreasonable for Congress to grant continuing jurisdiction to the state that issued the original custody decree, in this case Kentucky. See E.R. at 164. On the second claim--about burdening access to the courts--the court explained that this claim begged the due process question already answered: since there is no violation of due process in giving continuing jurisdiction to Kentucky, there is no burden on appellant's right to access the courts. As for the third, fourth, and fifth arguments, the court explained that they should have been raised in state court and that the district court has no appellate jurisdiction over the state courts of Alaska or Kentucky.[1]
 
 
 7
 The district court's analysis makes clear that appellant has failed to demonstrate a high probability of success on the merits, which she must do in the absence of a showing that any material harm, much less irreparable harm, will flow from the denial of the preliminary injunction. Accordingly, we hold that the district court did not abuse its discretion in denying the preliminary injunction.
 
 
 8
 The district court's order denying the motion for preliminary injunction is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 See, e.g., Thompson v. Thompson, 484 U.S. 174, 187 (1988) ("[T]he context, language, and history of the PKPA together make out a conclusive case against inferring a cause of action in federal court to determine which of two conflicting state custody decrees is valid.... [U]ltimate review remains available in this Court for truly intractable jurisdictional deadlocks.")